TIMM *v.* CASS CIRCUIT JUDGE.

1. ARREST—CAPIAS—SUFFICIENCY OF AFFIDAVIT—CONVERSION.
An affidavit, in an action for conversion, that the deponent rented to the defendant a horse for the purpose of driving to a place named and back, and the bailee did not return the animal as agreed, and failed to deliver it to the affiant when requested so to do, sufficiently stated a *prima facie* case in trover.

2. SAME—DEMAND—PRIMA FACIE CASE.

While a demand and refusal are not in themselves a con-
version, they are evidence of one and usually make a
*prima facie* case, and on making proof thereof, the writ
of capias will lie.

3. SAME—BAIL—CIRCUIT JUDGE.

It was not a sufficient jurisdictional objection that the
judge was not present in the county in which the writ
issued when he fixed the bail and indorsed it on the writ,
being in another county of the circuit to which he was
officially assigned.

4. NOTARY PUBLIC—ATTORNEYS—HUSBAND AND WIFE.

The statute prohibiting attorneys from acting as notary in
any cause in which they are professionally interested, does
not prevent the wife of such an attorney from certifying
the jurat as notary. 1 Comp. Laws, § 2640; 3 Comp. Laws
1915, § 12082.

Mandamus by Floyd Timm against L. Burget Des
Voignes, circuit judge of Cass county, to compel re-
spondent to set aside a writ of *capias ad responden-*
*dum.* Submitted June 20, 1916. (Calendar No. 27,-
173.) Writ denied July 21, 1916.

*Elias P. Harmon,* for relator.

*Thos. J. Cavanaugh,* for respondent.

BIRD, J. A writ of mandamus is asked to compel
respondent to set aside a writ of *capias ad responden-*
*dum* on which relator was arrested, because of the in-
sufficiency of the affidavit upon which it was issued.
The affidavit was made by William R. Clendenin of
Cass county, and filed in the circuit court for that
county.

Objection is made to the affidavit because the affiant
had no personal knowledge of the facts sworn to; that,
while the affidavit appears to contain positive state-
ments of fact, "when carefully examined with refer-
ence to its objects and purpose, it is so in form only."

Many of the statements in the affidavit are within counsel's objection, but there are some positive statements of facts, namely: That relator, on the 11th day of January, 1915, hired a valuable horse of affiant at the village of Jones, for a consideration to drive to the home of Russell Glass and back to the village; that the horse was delivered to relator by affiant, and that he drove it away, and did not return it in accordance with his agreement, and that he did not return it when requested to do so. If we treat as surplusage statements which affiant could not have known of his own personal knowledge, and those which he may or may not have had personal knowledge of, we have left statements, which, if sworn to by affiant in an action of trover, would make a *prima facie* case.

But it is argued that no conversion is shown; that if the horse were dead, or it was impossible to redeliver it, relator would not be guilty of conversion. This might or might not be true. Relator might be able to show a state of facts, which would be convincing, that he had not converted the horse, but this showing, whatever it might be, would be by way of defense. While a demand for and a refusal to deliver are not *ipso facto* a conversion (*Felcher* v. *McMillan,* 103 Mich. 494 [61 N. W. 791]), they are evidence of a conversion, and usually make a *prima facie* case. 38 Cyc. p. 2031. If a *prima facie* case of trover is made out by the affidavit, a writ of *capias ad respondendum* will lie. 3 Comp. Laws, § 9998 (3 Comp. Laws 1915, § 12415).

2. The jurisdiction of the proceedings is questioned on the ground that the judge was not present in the county of Cass when he fixed and indorsed the bail on the writ, but was in Van Buren county, which county is also a part of his judicial circuit. 3 Comp. Laws, § 9998 (3 Comp. Laws 1915, § 12415), authorizes the "judge of the court from which the writ issues" to fix

the bail and indorse the same on the writ. The judge who indorsed the writ was the judge of the court from which the writ issued. The mere fact that he was out of the county of Cass, but elsewhere in his judicial district, is of no importance. There is nothing in the statute which makes it incumbent upon him to be present within the jurisdiction of the particular court when he acts in such matters.

3. A further objection is made that the affidavit for the writ was sworn to before the wife of the attorney for plaintiff. The objection in short is that the statute prohibits attorneys from acting as notaries in causes in which they are professionally engaged (1 Comp. Laws, § 2640 [3 Comp. Laws 1915, § 12082]), and that by analogy the wives should be prohibited from so doing by reason of the confidential relation existing between them. We do not think there is any merit in this point. The statute has conferred the authority on her to act as notary public, and unless that right is restricted, as in case of attorneys acting as such in their own cases, we see no legal reason why she may not act in such cases, even though she be the wife of one of the attorneys interested in the case. The question is an appropriate one for the consideration of the legislature.

We think the objections to the writ are not well taken. The writ will be denied, with costs to the respondent.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.